UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SEAN MICHAEL HILL,
Plaintiff,
v.
MAPLEBEAR, INC.,
Defendant.

Case No. 26-cv-11069-AGT

**SCREENING ORDER**

Re: Dkt. No. 1

Having granted Sean Michael Hill's *in forma pauperis* application, the undersigned now screens Hill's complaint under 28 U.S.C. § 1915(e)(2)(B) and concludes that the complaint is deficient for the reasons identified below. Hill may amend the complaint to address these deficiencies by **October 30, 2026**.

Defendant Maplebear, Inc. does business as Instacart, operating a platform that "facilitates same-day, on-demand grocery shopping and delivery." *Id.* at ¶ 3. Hill alleges that they began working as shopper for Instacart in October 2024, and that Instacart exercised "detailed control" over their job performance. *Id.* at ¶¶ 13-14.[1] Hill alleges that Instacart didn't reimburse them for expenses they incurred working for the platform, ensure they received minimum wage, pay them overtime premiums, or provide them with "itemized wage statements." *Id.* at ¶¶ 17-20. Hill seeks to bring five claims alleging violations of the California Unfair Competition Law (UCL), the Fair Labor Standards Act (FLSA), and the

[1] Hill's filings don't use gendered pronouns. While Hill typically refers to themselves as "Hill" or "Plaintiff," Hill does self-refer as "themselves" in one instance. Dkt. 1 at ¶ 2. The Court adopts this usage.

California Labor Code. *Id.* at ¶¶ 28-37.

Hill must plead these claims with greater detail. The Federal Rules of Civil Procedure require that a plaintiff make "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Hill's complaint doesn't currently meet this standard. It contains only conclusory allegations that Hill wasn't reimbursed for expenses, wasn't paid minimum wage, wasn't paid at a premium for overtime work, and didn't receive itemized wage statements. Dkt. 1 at ¶¶ 17-20. Without any additional facts as to the conduct and resulting harm underlying Hill's causes of action, the Court can't say whether Hill states a plausible claim. Because Rule 8 also requires plaintiffs to cite specific legal provisions, not just general bodies of law, Hill should also clarify what specific sections of the FLSA and UCL are at issue in their first cause of action. *Id.* at ¶¶ 28-29.

Hill should also consider the Court's subject matter jurisdiction in this case. Hill's complaint invokes both federal question and diversity jurisdiction. Dkt. 1 at ¶ 1.[2] As to diversity jurisdiction, however, while Hill's pleadings reasonably show diversity of citizenship, they don't suggest an amount in controversy exceeding $75,000. *See* 28 U.S.C. § 1332(a). And as to federal question jurisdiction, while claims involving the FLSA raise a federal question, claims that are based solely in state law generally don't. Dkt. 1 at ¶¶ 34-37. Hill should explain why this court has supplemental jurisdiction over their state law claims under 28 U.S.C. § 1367.

Finally, Hill should bear in mind that they can only bring claims that are personal to themselves. Unrepresented parties can represent themselves in federal court, but that right is "personal to the litigant and does not extend to other parties or entities." *Simon v. Hartford*

[2] Hill's civil cover sheet asserts only diversity jurisdiction. Dkt. 1-1.

*Life, Inc.*, 546 F3d 661, 664 (9th Cir. 2008). As a result, the general rule is that unrepresented parties can't pursue claims on behalf of others in a representative capacity. *Id.* While none of Hill's claims explicitly refer to the collective action mechanism laid out in Section 216(b) of the FLSA, other portions of the complaint cite 216(b), state Hill has "represented themselves and others," refer broadly to "Instacart workers," and appear to seek wide-ranging injunctive and declaratory relief on behalf of those workers. Dkt. 1 at ¶¶ 2, 6. District courts within the Ninth Circuit have rejected attempts by pro se plaintiffs to bring collective claims under the FLSA. *See Fabricius v. Dream.org*, No. CV-26-00211-PHX-DJH, 2026 WL 1893698, at *1 (D. Ariz. July 1, 2026) (collecting cases). Hill should consider whether their goals in this suit align with the remedies available to an individual, unrepresented plaintiff under the FLSA. *See* 29 U.S.C. § 216. If Hill wishes to pursue a collective FLSA claim, they'll likely need to be represented by a lawyer. To the extent the relief they seek is available only through provisions of state law, such as the UCL, Hill should also consider whether this Court can properly exercise jurisdiction over those state claims.

Hill may file an amended complaint on or before **October 30, 2026**. If they don't do so, or if they file an amended complaint that fails to state a claim for relief, the undersigned will recommend that a district judge dismiss their case.

The Court refers Hill to the Northern District of California's Legal Help Center, where lawyers provide free basic legal assistance to those representing themselves in federal court. Although Legal Help Center lawyers don't represent parties, they can explain court procedures, provide limited legal advice, and help prepare simple court filings. There are two Legal Help Center locations: one is at the San Francisco courthouse at 450 Golden Gate Avenue, and the other is at the Oakland courthouse at 1301 Clay Street. Plaintiff can

schedule an appointment by calling 415-782-8982 or emailing FedPro@sfbar.org. Appointments are available in-person, by Zoom, or by telephone. Hill can find more information at https://cand.uscourts.gov/representing-yourself/free-legal-help-people-without-lawyers.

The Court also has a free guide, "Representing Yourself in Federal Court: A Handbook for Pro Se Litigants," which provides instructions on how to proceed at every stage of a case. Hill can access it online (https://cand.uscourts.gov/representing-yourself/pro-se-handbook) or in hard copy free of charge from the Clerk's Office.

**IT IS SO ORDERED.**

Dated: October 16, 2026

Alex G. Tse
United States Magistrate Judge